4880-6719-4230.1

10 August 2023
10:39:47
GD-23-009643

2:23-cv-1609

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GREGORY M. WHITE AND WILLIE MAE STARR-WHITE, | CIVIL DIVISION |
| Plaintiffs, | No. GD 23- 9643 |
| v. | **COMPLAINT** |
| ROOT INSURANCE CO., | Filed on Behalf of: Plaintiffs, Gregory M. White and Willie Mae Starr-White |
| Defendant. | |

Counsel of Record for this Party:

Robert E. Dauer, Jr.
Pa. I.D. No. 61699
red@muslaw.com

MEYER, UNKOVIC & SCOTT LLP
Firm #199
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315

Telephone No. (412) 456-2800

**JURY TRIAL DEMANDED**

FILED
2023 AUG 10 AM 10: 35
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY PA

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| GREGORY M. WHITE AND WILLIE MAE STARR-WHITE,<br><br>Plaintiff<br><br>v.<br><br>ROOT INSURANCE CO.,<br><br>Defendant | CIVIL DIVISION<br><br>No. GD 23-_____ |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE<br>
THE ALLEGHENY COUNTY BAR ASSOCIATION<br>
11th Floor Koppers Building<br>
436 Seventh Avenue<br>
Pittsburgh, PA 15219<br>
(412) 261-5555

MEYER, UNKOVIC & SCOTT LLP

By: _/s/ Robert E. Dauer, Jr._____
   Robert E. Dauer, Jr.
ATTORNEYS FOR PLAINTIFFS GREGORY M. WHITE AND WILLIE MAE STAR WHITE

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| GREGORY M. WHITE AND WILLIE MAE STARR-WHITE, | CIVIL DIVISION |
| Plaintiff | No. GD 23-_____ |
| v. | |
| ROOT INSURANCE CO., | |
| Defendant. | |

**COMPLAINT AGAINST DEFENDANT ROOT INSURANCE CO.,**

Plaintiffs, Gregory M. White and Willie Mae Starr-White ("**Plaintiffs**"), by their undersigned counsel, files the within Complaint against Root Insurance Co. ("**Root**") and, in support, thereof avers as follows:

### Background

1. Plaintiffs are adult individuals with an address of 802 Bear Run Drive, Pittsburgh, Allegheny County, Pennsylvania.

2. Root is incorporated under the laws of the state of Ohio, licensed by the Commonwealth of Pennsylvania and regularly sells insurance in Allegheny County, Pennsylvania. Root maintains its principal place of business at 80 East Rich Street, Suite 500, Columbus, Ohio 43215.

3. Root issued an auto insurance policy to Plaintiffs, Root Insurance Co. Policy No. Q9TBPP, effective October 21, 2022 to October 21, 2023 (the "**Policy**"), which obligates Root to provide auto insurance coverage to Plaintiffs. A true and correct copy of the Policy is attached as Exhibit "A".

4. Pursuant to the Policy, both Plaintiffs are the named insured.

5. Pursuant to the Policy, Root is obligated to provide Plaintiffs with insurance coverage for vehicle and bodily injury damages.

6. Plaintiff was in an automobile accident on May 18, 2023 and incurred damage to Plaintiffs' insured vehicle, a 2019 Nissan Rogue, VIN#SN1AT2mT2KC827989 ("**Plaintiffs' Vehicle**").

7. As a result of the accident on May 18, 2023, Plaintiffs' Vehicle was damaged.

8. Plaintiffs submitted a claim to Root for the covered damages to the Plaintiffs Vehicle in the amount of $10,303.55 plus storage fees and costs. (the "**Claim**").

9. Root has wrongfully denied the Claim and refused to pay Plaintiffs for their covered losses and damage to Plaintiffs' Vehicle in accordance with the terms of the Policy.

10. In its denial of the Claim, Root stated the following reasons for denying the claim: "the vehicle was being used for retail or wholesale delivery at the time of loss." A copy of the denial letter dated June 9, 2023 from Root is attached hereto as Exhibit "B".

11. Root's improper refusal to provide coverage to Plaintiffs under the Policy is a breach of the Policy.

### Count I: Declaratory Judgment

12. Plaintiffs incorporates by reference the factual averments in each and every prior and subsequent paragraphs of this pleading as if fully restated herein.

13. Pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa. C.S. §§ 7531-7541, this Court has the power to declare rights, status, and other legal relations, and such declarations shall have the force and effect of a final judgment or decree. *See* 42 Pa. C.S. § 7532.

14. The Policy is an insurance policy which obligates Root to provide insurance coverage to Plaintiffs for the damage to Plaintiffs Vehicle caused by an automobile accident.

15. The policy limits of the Policy for property damage claims are $100,000.00 for each accident.

16. Plaintiffs submitted a claim for insurance coverage for the damage to Plaintiffs' Vehicle to Root.

17. Root verbally advised Plaintiffs that their claim was denied.

18. When Plaintiffs learned of Root's improper position and denial of the Claim for damage to Plaintiffs Vehicle submitted by Plaintiffs, Plaintiffs conferred with Root to attempt to resolve the Claim.

19. By correspondence dated June 9, 2023, Root advised that it refused to reconsider its previous wrongful denial of insurance coverage for the Claim under the Policy.

20. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate.

21. Root's denial of insurance coverage for the Claim is an actual controversy.

22. This Court can resolve this controversy by issuing a declaration of the parties' rights, status, and legal relations.

WHEREFORE, Plaintiffs requests that this Court enter a declaratory judgment in their favor and against Root Insurance Co. declaring that:

A. Root must provide coverage under the Policy up to the limits of the because the Claim is covered claims under the Policy; and

B. Other such relief that this Court deems just and proper.

### Count II: Statutory Bad Faith Pursuant to 42 Pa. C.S. § 8371

23. Plaintiffs incorporates by reference each and every factual averment contained in prior and subsequent paragraphs of this pleading as if fully restated herein.

24. Root is obligated to provide insurance coverage to Plaintiffs under the Policy.

25. Root has wrongly denied coverage under the Policy and denied Plaintiffs' demand to provide coverage for the Claim under the Policy.

26. Root had no reasonable basis to deny Plaintiffs' coverage under the Policy or deny Plaintiffs' demand to provide coverage for the Claim.

27. Root has acted in bad faith against Plaintiffs in violation of 42 Pa. C.S. § 8731 and the Unfair Insurance Practices Act ("**UIPA**"), 40 P.S. §§ 1171.1-1171.15, by violating the terms of the Policy, the implied covenant of good faith and fair dealing, and by breaching its fiduciary duties to Plaintiffs.

28. Root refusal to provide coverage under the Policy is based on its incorrect assertion that the claim is not covered because of some unspecified or erroneous exclusion.

   a. As alleged *supra*, the Claim is covered claims under the Policy.

   b. Root has erroneously and wrongfully denied coverage of Plaintiffs' Claim under the Policy.

   c. Root's improper interpretation of the Policy resulted in Plaintiffs being deprived of (a) available coverage, (b) its rights under the Policy, and (c) its right under Pennsylvania law.

   d. When Plaintiffs learned of Root's improper position and denial of coverage for Plaintiffs' Claim under the Policy, Plaintiffs contacted and conferred with Root in an attempt to resolve the Claim, with specific citations to facts and Policy documents.

   e. Nevertheless, Root has not remedied its improper denial of coverage under the Policy for Plaintiffs' Claim.

  f. By correspondence dated June 9, 2023, Root refused to reconsider its previously wrongful denial of coverage under the Policy for the Claim.

  g. Root's refusal to reconsider its erroneous position further constitutes bad faith.

29. Root put its own interests ahead of the interests of its insured, by erroneously denying coverage under the Policy.

30. Plaintiffs have suffered and will continue to suffer damages as a direct and proximate result of Root's bad faith, including the denial of available coverage for the Claim and the fees and costs accrued to pursue this litigation.

31. Pursuant to 42 Pa. C.S. § 8371, Plaintiffs are entitled to and seek recovery of statutory interest, punitive damages, courts costs, and attorney fees.

WHEREFORE, Plaintiffs, requests that this Court enter judgment in their favor and against Root Insurance Co., in an amount in excess of $50,000.00, plus statutory interest, punitive damages, court costs, attorney fees, pre-judgment interest, delay damages, and post-judgment interest.

### Count III: Breach of Contract and the Implied Duty of Good Faith and Fair Dealing

32. Plaintiffs incorporate by reference each and every factual averment contained in prior and subsequent paragraphs of this pleading as if fully restated herein.

33. The Policy is an enforceable contract between Root and Plaintiffs.

34. The Policy obligates Root, among other things, to provide auto insurance coverage to Plaintiffs for, *inter alia*, losses due to damage to personal property including Plaintiffs' Vehicle.

35. For the reasons detailed *supra*, Root has breached the terms of the Policy, as well as the implied duty of good faith and fair dealing.

36. Root wrongly denied coverage under the Policy and denied Plaintiffs' demand to provide coverage for the Claim under the Policy.

37. Root's refusal to provide coverage and denial of Plaintiffs' demand to provide coverage for the Claim breaches the terms of the Policy.

38. As detailed *supra*, Plaintiffs have suffered and will continue to suffer damages as a result of Roots' breach of the Policy.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Root Insurance Co. in an amount in excess of $50,000.00, plus punitive damages, court costs, attorney fees, pre-judgment interest, and post-judgment interest.

### Count IV: Breach of Fiduciary Duty

39. Plaintiffs incorporate by reference each and every factual averment contained in prior and subsequent paragraphs of this pleading as if fully restated herein.

40. As Plaintiffs' insurer, Root has the fiduciary duty to act with the utmost good faith in furthering and advancing Plaintiffs' interests, including the duty not to act in its own self-interest and to disclose all relevant information to Plaintiffs.

41. For reasons detailed *supra*, which is incorporated by reference herein, Root has breached its fiduciary duty to Plaintiffs, its insured.

42. As further stated *supra*, which is incorporated by reference herein, Root's breaches of its fiduciary duty have caused and will continue to cause substantial harm to Plaintiffs, including the denial of available coverage.

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor and against Root Insurance Co. in an amount in excess of $50,000.00, plus punitive damages, court costs, attorney fees, and post-judgment interest.

A trial by jury is hereby demanded for all claims, counterclaims, and cross-claims which trial by jury is authorized.

MEYER, UNKOVIC & SCOTT LLP

By: _____
Robert E. Dauer, Jr.

ATTORNEYS FOR PLAINTIFFS GREGORY M. WHITE AND WILLIE MAE STARR-WHITE

## VERIFICATION

I, Willie Mae Star White, verify that the statements made in this Pleading are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 8-9-23

_Willie Mae Starr-White_
Willie Mae Starr-White